THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYS HBA LLC,<br><br>    Plaintiff,<br><br> v.<br><br>NUWAVE, LLC,<br><br>    Defendant. | Civil No. 22-6505 (JHR/SAK) |

### DISCOVERY DISPUTE AND AMENDED SCHEDULING ORDER

  This matter having come before the Court on the letter application [ECF No. 78] filed by Defendant/Counterclaim Plaintiff NuWave, LLC ("NuWave"); and the Court having received the response filed by Plaintiff/Counterclaim Defendant Rays HBA LLC ("Rays") and Third-Party Defendant Avrix Ltd. ("Avrix") (collectively, "Counterclaim Defendants") [ECF No. 81]; and the Court having held an on-the-record discovery dispute hearing on **February 21, 2024**; and the Court noting the following appearances: **Sandra A. Hudak, Esquire, Eliezer Lekht, Esquire,** and **Tuvia Rotberg, Esquire** appearing on behalf of Counterclaim Defendants; and **John C. Choi, Esquire** and **Nicholas S. Lee, Esquire**, appearing on behalf of NuWave; and the Court having held oral argument; and this Order intending to confirm the Court's various rulings; and for all the reasons stated by the Court on the record; and for good cause shown;

  **IT IS** this **21st** day of **February, 2024**, hereby **ORDERED**:

  1. NuWave's request to compel Avrix to fully and properly search for, and to produce, all documents responsive to NuWave's outstanding document requests is **GRANTED** as follows.

    a. Avrix shall fully and properly search for any and all responsive documents to each and every document request. Avrix shall either amend and/or supplement its document responses, as outlined in paragraph 1.b., or certify to NuWave that it searched for and did not find additional responsive documents, by **March 6, 2024**.

    b. Avrix shall fully respond to each and every document request. To the extent that responsive documents were previously produced to NuWave by Rays, Avrix shall, for each request, specifically identify the responsive document(s) previously produced by its bates number. Avrix shall otherwise physically produce any and all responsive documents not previously produced to NuWave by Rays. Avrix shall amend and/or supplement its responses to all document requests as such and serve the amended and/or supplemental responses on NuWave by **March 6, 2024**.

2.  NuWave's request to compel Avrix to fully and properly respond to NuWave's interrogatories is **GRANTED** as follows. Avrix shall either amend and/or supplement its responses to NuWave's interrogatories, or certify the accuracy and completeness of its initial responses to NuWave. Avrix shall serve the amended and/or supplemental responses on NuWave, or otherwise certify as such, by **March 6, 2024**.

3.  To the extent that Avrix's amended and/or supplemental responses to NuWave's document requests, and/or Avrix's responses to NuWave's interrogatories, remain in conflict with prior deposition testimony of its CEO, Abraham Alan Weiss, and/or its COO, Joseph Sussman, NuWave is permitted to take an additional deposition of Weiss and/or Sussman, respectively, and only as to the subject matter in conflict.

4.  NuWave's request to compel Avrix's CEO, Abraham Alan Weiss, to produce to NuWave any and all documents in his possession regarding and/or related to HWP Trucking, LLC ("HWP") is **GRANTED** as follows. Weiss shall fully and properly search for any and all responsive documents regarding and/or related to HWP that are in his possession. Avrix shall either produce the responsive document(s) to NuWave, or otherwise certify to NuWave that Weiss searched for and did not find any responsive documents, by **March 6, 2024**.

5.  NuWave's request to compel Avrix to provide to NuWave with contact information for Marcel Neumann is **GRANTED** as follows. Avrix shall provide NuWave with any and all business-related contact information for Neumann in its possession, including, but not limited to, any physical addresses, email addresses, and/or phone numbers used for business-related purposes. Avrix shall provide NuWave with Neumann's contact information by **March 6, 2024**.

6.  NuWave's request for reimbursement of attorneys' fees and expenses incurred in the preparation of its letter application and with respect to any further efforts to compel discovery is **DENIED** without prejudice.

7.  The parties shall promptly meet and confer regarding Counterclaim Defendants' request for NuWave to supplement its discovery responses.

8.  Pretrial factual discovery is extended to **April 29, 2024**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

9.  **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. CIV. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or by telephone, rather than just exchanging letters or emails. Should such informal effort fail to resolve the dispute:

   a.  The party seeking the discovery shall submit, *via* ECF, a letter not to exceed five (5) pages that sets forth (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet and confer to

2

resolve the dispute; and (4) any appropriate legal arguments. The party shall also annex thereto copies of only those pertinent portions of discovery which are the subject matter of the application.

      b.      Within seven (7) calendar days, the party opposing the request may submit, *via* ECF, a letter in response not exceeding five (5) pages that sets forth any factual considerations and legal arguments. **Failure to respond within seven (7) calendar days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).**

      c.      **No further submissions** regarding the dispute may be filed without leave of the Court. If necessary, the Court will schedule a conference to address the dispute.

The failure of any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute. The parties should promptly bring any unresolved issue(s) to the Court's attention and should not wait until the close of discovery to address a dispute. No discovery motion, or motion for sanctions for failing to provide discovery, shall be filed before utilizing the procedures set forth above and without prior leave of the Court.

10.    **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

11.    **Expert Discovery.** If the parties engage in expert discovery, all expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendant no later than **May 28, 2024**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendant shall be served upon counsel for Plaintiff no later than **June 28, 2024**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **July 29, 2024**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition, or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

12.    **Dispositive Motions.** If expert discovery will be served, dispositive motions shall be filed with the Clerk of the Court no later than **August 28, 2024**. If expert discovery will not be served, dispositive motions shall be filed by **June 28, 2024**. Opposition to the motion should be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion*

*Practice (generally).* This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

13. The Court will conduct a telephone status conference on **April 22, 2024 at 11:30 a.m.** Counsel shall dial **1-856-210-8988, Conference ID: 607 903 229#** to connect to the call. Any discovery dispute shall be brought to the Court's attention at least fourteen (14) calendar days prior to the scheduled conference and in accordance with the Court's discovery application procedures. All outstanding discovery issues not raised shall be deemed waived.

14. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Joseph H. Rodriguez, U.S.D.J.